People v Fragoso
2026 NY Slip Op 03822
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Dennys Fragoso, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-05757, (Ind. No. 70107/23)
Colleen D. Duffy, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn S. Hughes and Jared A. Chester of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert A. Schwartz, J.), rendered November 13, 2024, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Martin Geoffrey Goldberg for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to a new counsel as assigned herein; and it is further,
ORDERED that Jillian S. Harrington, P.O. Box 131621, Staten Island, NY, 10313, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that the new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 23, 2025, pursuant to CPL 380.55(2), this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs on the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal (see People v Burks, 247 AD3d 1053, 1054). To be adequate, assigned counsel's brief must discuss relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with [*2]references to the facts of the case and relevant legal authority (see People v Stanley, 243 AD3d 596, 597). Counsel cannot merely recite the underlying facts and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal (see People v Burks, 247 AD3d at 1054). Where counsel has failed in their role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal (see id.).
Here, the brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to analyze potential appellate issues with reference to legal authority or highlight facts in the record that might arguably support the appeal (see People v Haynesworth, 240 AD3d 512, 513; People v Reyes-Fuentes, 228 AD3d 686, 688). With regard to those issues identified in the brief that could be raised on the defendant's behalf, the analysis lacks supporting legal authority (see People v Haynesworth, 240 AD3d at 513). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Burks, 247 AD3d at 1054-1055).
DUFFY, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court